UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**THE CENTER FOR RESTORATIVE**          **CIVIL ACTION**
**BREAST SURGERY, LLC, ET AL.**

**versus**          **No. 06-9985**
         **REF: 06-9985 ONLY**

**BLUE CROSS BLUE SHIELD**          **SECTION: I/4**
**OF LOUISIANA, ET AL.**

### ORDER AND REASONS

Before the Court is the motion of defendant, Blue Cross Blue Shield of Alabama ("BCBS AL"), to sever and dismiss[1] or transfer the claims regarding the non-party patient referred to as PH. Plaintiff, the Center for Restorative Breast Surgery ("Center"), consents to the severance and transfer of the claims regarding PH to the U.S. District Court for the Middle District of Louisiana.[2]

On February 23, 2006, prior to the filing of the above-captioned lawsuit, PH filed her own lawsuit in the Nineteenth Judicial District Court of East Baton Rouge Parish, seeking to recover for her medical bills incurred during breast surgery

---

[1] While defendant's motion requested transfer as an alternative remedy, the parties have since agreed that transfer is appropriate, *see* Rec. Doc. No. 164, and the Court therefore will not consider dismissal of the claims related to PH.

[2] Rec. Doc. No. 162.

performed by the Center.[3]  On June 23, 2006, her lawsuit was removed to the U.S. District Court for the Middle District of Louisiana and assigned Civil Action Number 06-449.[4]  Meanwhile, in its amended complaint in this case, filed on October 24, 2006, the Center included claims to recover for bills submitted to defendants on procedures performed for patient PH.[5]

Under Rule 21 of the Federal Rules of Civil Procedure, "Any claim against a party may be severed and proceeded with separately."  Fed. R. Civ. P. 21.  The Court has "discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice."  *Applewhite v. Reichhold Chemicals, Inc.*, 67 F.3d 571, 574 (5th Cir. 1995).

Pursuant to 28 U.S.C. § 1404(a), "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).

---

[3] Rec. Doc. No. 37-3.

[4] Rec. Doc. No. 37, p. 3.

[5] Rec. Doc. No. 1-2, p. 7.  The Center filed its original petition on July 27, 2006.  Rec. Doc. No. 1-2, p. 1.

The Fifth Circuit adheres to the "first to file rule," namely that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed. *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). Therefore, such substantially related cases are appropriately transferred to the court where the first lawsuit was filed. Moreover, all parties need not be the same to properly transfer a case filed subsequent to a substantially related action. *Id.* at 951.

   The Courts finds that severance and transfer of the claims relating to PH is in the interests of justice, convenience, and judicial economy. Under the "first to file" rule, the claims relating to PH are substantially related to the prior filed lawsuit pending in the Middle District as both lawsuits seek to recover from BCBS AL for the procedures performed for PH. Although Blue Cross Blue Shield of Louisiana is also a defendant in the present matter, this does not make transfer inappropriate. The  interests of justice, convenience, and judicial economy will clearly be served by permitting the litigants to resolve all

claims regarding PH in the forum where her claims were first filed.[6]

Accordingly,

**IT IS ORDERED** that defendant's motion[7] is **GRANTED IN PART** and that the claims regarding PH are **SEVERED** and **TRANSFERRED** pursuant to 28 U.S.C. § 1404(a) to the U.S. District Court for the Middle District of Louisiana for possible consolidation with Civil Action No. 06-449, Patricia Hines, et al. v. Blue Cross Blue Shield of Alabama, et al.

New Orleans, Louisiana, June 18th, 2007.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[6]The Court also has been informed that transfer of these claims to the Middle District may facilitate an expedited settlement of all claims regarding PH.

[7]Rec. Doc. No. 37.